# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **PLAINTIFF(S)** <br><br> v. <br><br> **DEFENDANT(S)** | **CASE NUMBER** <br><br><br> **ORDER ON REQUEST TO PROCEED** <br> ***IN FORMA PAUPERIS*** <br> **(NON-PRISONER CASE)** |

The Court has reviewed the Request to Proceed *In Forma Pauperis* (the "Request") and the documents submitted with it. On the question of indigency, the Court finds that the party who filed the Request:

☐ is not able to pay the filing fees.   ☐ is able to pay the filing fees.

☐ has not submitted enough information for the Court to tell if the filer is able to pay the filing fees. This is what is missing:




**IT IS THEREFORE ORDERED** that:

☐ The Request is GRANTED.

☐ Ruling on the Request is POSTPONED for 30 days so that the filer may provide additional information.

☐ The Request is DENIED because the filer has the ability to pay.

☐ As explained in the attached statement, the Request is DENIED because:

  ☐ The District Court lacks ☐ subject matter jurisdiction ☐ removal jurisdiction.
  ☐ The action is frivolous or malicious.
  ☐ The action fails to state a claim upon which relief may be granted.
  ☐ The action seeks monetary relief against defendant(s) immune from such relief.

**IT IS FURTHER ORDERED** that:

☐ Within 30 days of the date of this Order, the filer must do the following:





If the filer does not comply with these instructions within 30 days, this case will be DISMISSED without prejudice.

☐ As explained in the attached statement, because it is absolutely clear that the deficiencies in the complaint cannot be cured by amendment, this case is hereby DISMISSED ☐ WITHOUT PREJUDICE ☐ WITH PREJUDICE.

☐ This case is REMANDED to state court as explained in the attached statement.

_____          *en fonica R. Al---*
Date                                      United States District Judge

CV-73 (07/22)            **ORDER ON REQUEST TO PROCEED *IN FORMA PAUPERIS* (NON-PRISONER CASE)**



On June 28, 2024, Plaintiff filed a Complaint and a Request to Proceed In Forma Pauperis. (ECF Nos. 1-2.) The named Defendant is the United States District Court. (ECF No. 1 at 1.) Plaintiff seeks $150,000 for violations of his First Amendment rights. (ECF No. 1-1 at 1.)

The Complaint appears to involve Plaintiff's efforts to have his name placed on his grandmother's accounts. (ECF No. 1 at 1.) Plaintiff also alleges that he has a related case that is pending in this Court. (ECF No. 1-1 at 3.) The cases allegedly involve Plaintiff's efforts "get onto my grandma's accounts since my family is ready to slough off the old skin if you know what I mean. I'm trying to protect her and bring her out to Hollywood to be a movie star. I think she could be a good character. She's super funny and racist." (Id.) Plaintiff also raises detailed allegations about his car troubles and an altercation at an auto parts store. (Id. at 1-2.) Plaintiff uses profanity and epithets throughout the Complaint, including in his references to judges. (Id.) For the following reasons, the Complaint is dismissed without leave to amend.

First, "[a] party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir. 1996) (per curiam). Sovereign immunity, which shields the United States from suit absent a consent to be sued, is a threshold jurisdictional issue. Donovan v. Vance, 70 F.4th 1167, 1172 (9th Cir. 2023). Here, Plaintiff has not established federal jurisdiction. By suing a federal court, Plaintiff is suing the federal government. See Tucker v. United States Court of Appeals for Tenth Circuit, 815 F. App'x 292, 294 (10th Cir. 2020) (construing a complaint against federal courts as a complaint against the federal government). The federal government has sovereign immunity from suit, absent a waiver of that immunity. FDIC v. Meyer, 510 U.S. 471, 475 (1994). "No waiver exists here, so these Defendants are immune from suit." Tucker, 815 F. App'x at 294. Specifically, Plaintiff has no remedy against the United States for constitutional torts. See Jachetta v. United States, 653 F.3d 898, 904 (9th Cir. 2011) (United States is immune from claims of violations of "federal civil rights" and "federal constitutional rights"). Moreover, Plaintiff would not have a remedy even if he amended the Defendant. He would not have a remedy against a federal or state judge for their judicial acts. See Mireles v. Waco, 502 U.S. 9, 11–12 (1991) (per curiam) (judges are absolutely immune for acts taken in his or her judicial capacity). Nor would he have a remedy against a federal officer for civil rights violations based on the allegations raised here. See Harper v. Nedd, 71 F.4th 1181, 1187 (9th Cir. 2023) (recognizing that Bivens claims against federal officers are limited to specific contexts recognized by the Supreme Court).

Second, the Complaint is malicious. 28 U.S.C. § 1915(e)(2)(B)(i). Plaintiff's use of profane and disrespectful language qualifies as malicious. See Chambers v. NASCO, Inc., 501 U.S. 32, 43-44 (1991) (courts have inherent power to impose respect and decorum, and to fashion sanctions for abuse of judicial process); Crisafi v. Holland, 655 F.2d 1305, 1309 (D.C. Cir. 1981) ("disrespectful references to the court" qualify as malicious); Theriault v. Silber, 574 F.2d 197, 197 (5th Cir. 1978) (documents with vile and insulting references are subject to summary dismissal for being beneath the dignity of the court).

Finally, given these deficiencies, leave to amend is not warranted. Plaintiff cannot overcome sovereign immunity through amendment. See Cato v. United States, 70 F.3d 1103, 1110-11 (9th Cir. 1995) (complaint against United States could not be cured by amendment where the United States has not consented to suit for constitutional tort claims). Moreover, leave to amend is not warranted because the Complaint is malicious. See Lopez v. Smith, 203 F.3d 1122, 1127 n.8 (9th Cir. 2000) (en banc) ("When a case may be classified as frivolous or malicious, there is, by definition, no merit to the underlying action and so no reason to grant leave to amend."). Thus, the Complaint is dismissed without leave to amend, and the action is dismissed with prejudice. See Frigard v. United States, 862 F.2d 201, 204 (9th Cir. 1988) (dismissal with prejudice for lack of jurisdiction was proper where "the bar of sovereign immunity is absolute").

(*attach additional pages if necessary*)